**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000451
17-MAY-2019
08:10 AM**

NO. CAAP-16-0000451

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
HILTON JOANES, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-CR NO. 13-1-0191K)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Reifurth and Hiraoka, JJ.)


This case arises from Defendant-Appellant Hilton Joanes's conviction on October 2, 2013, after a plea of no contest to the offense of Abuse of Family or Household Member, in violation of Hawaii Revised Statutes section 709-906(1). The Family Court for the Third Circuit[1] ("Family Court") sentenced Joanes to two years of probation and thirty days in jail.

On January 28, 2015, Joanes appeared before the Family Court for a proof of compliance hearing. Because the Family Court had not received a report from the probation officer at the time of the hearing, the court continued the hearing to February 25, 2015, and ordered the probation officer to submit a report. Joanes did not appear at the continued hearing. On February 26, 2015, the Family Court issued a Bench Warrant in the amount of $3,000 for Joanes's arrest. The Bench Warrant commanded the Chief of Police, Deputy Sheriff, or any officer authorized by law to arrest and bring Joanes before the Family

---

[1] The Honorable Aley K. Auna Jr. presided.

Court on the fourth Wednesday of the month after service.

On April 2, 2015, Plaintiff-Appellee State of Hawai'i moved to revoke Joanes's probation ("Motion for Revocation"). On April 22, 2015, a Warrant of Arrest in the amount of $1,000 was signed and filed by the Family Court. Eleven months later, on March 14, 2016, Joanes was served with the Bench Warrant and arrested at his home on Lotus Blossom Lane in Ocean View, Hawai'i, the same location where he had been arrested on the original charge in 2013. The record reflects no efforts at service until March 14, 2016.

After he was re-arrested, Joanes filed a Motion to Dismiss State's Motion for Revocation of Probation [Filed April 2, 2015] With Prejudice for Lack of Prosecution ("Motion to Dismiss"). On April 27, 2016, without receiving any evidence or hearing any testimony, the Family Court denied the Motion to Dismiss. After a hearing on May 11, 2016, the Family Court granted the State's Motion for Revocation, and, among other things, re-sentenced Joanes to probation for a period of two years.

On May 13, 2016, the Family Court filed its order denying Joanes's Motion to Dismiss ("Order Denying Motion to Dismiss"). On June 6, 2016, the Family Court filed its Order Granting State's Motion for Revocation of Probation [Filed April 2, 2015]. Joanes appeals from the Order Denying Motion to Dismiss.

On appeal, Joanes alleges that the Family Court abused its discretion in denying Joanes's Motion to Dismiss because the State of Hawai'i failed to serve the Bench Warrant on Joanes without unnecessary delay. Specifically, Joanes argues that the Family Court erred in finding that the 327 day span from the date the Bench Warrant was signed and issued to the date it was served was not an unreasonable delay.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we vacate the Order Denying Motion to Dismiss and remand the case to the Family

Court.

The State concedes that, under the facts in the record on appeal, the Family Court erred in finding that the 327-day span from the signing and issuance of the Bench Warrant to the date of its service was not an unreasonable delay.[2] In cases where the prosecution admits to error, the Hawaiʻi Supreme Court has stated that "even when the prosecutor concedes error, before a conviction is reversed, 'it is incumbent on the appellate court [first] to ascertain . . . that the confession of error is supported by the record and well-founded in law and [second] to determine that such error is properly preserved and prejudicial.'" *State v. Hoang*, 93 Hawaiʻi 333, 335, 3 P.3d 499, 501 (2000) (quoting *State v. Wasson*, 76 Hawaiʻi 415, 418, 879 P.2d 520, 523 (1994)).

In determining whether the delay in service violated Hawaiʻi Rules of Penal Procedure ("HRPP") Rule 9,[3] we focus on "whether the defendant was amenable to service of the warrants

---

[2]    The State's concession is "conditional" upon recognition by this court that the measure of unreasonable delay in the context of a post-conviction probationary revocation should not begin until a reasonable time after the established term of the probationary period.  In this case, the State submits that the period of time was approximately five and one-half months.  Because we conclude that the time for service was unreasonable in this case whether viewed as pre- and post-established term or just post-established term, we need not reach the State's issue and therefore decline to address it further.

[3]
HRPP Rule 9 provides:

(C)    Execution or Service and Return.

. . . .

(3)    Manner.

(i) Warrant.  *The warrant shall be executed without unnecessary delay by the arrest of the defendant.* The officer need not have the warrant in the officer's possession at the time of the arrest, but upon request, the officer shall show the warrant to the defendant as soon as possible. If the officer does not have the warrant in the officer's possession at the time of the arrest, the officer shall then inform the defendant of the offense charged and of the fact that a warrant has been issued. The officer executing the warrant shall bring the arrested person promptly before the court.

Haw. R. Penal P. 9(c)(3)(i) (emphasis added).

during the period they were outstanding and whether there was a reason for delay in serving the warrants." *State v. Owens*, 116 Hawaiʻi 172, 178, 172 P.3d 484, 490 (2007) (citing *State v. Lei*, 95 Hawaiʻi 278, 285-86, 21 P.3d 880, 887-88 (2001)). In making this determination, we are to determine

> whether the defendant was "available for service while the bench warrants were outstanding," whether there was "indication in the record that the defendant intentionally avoided service," whether the prosecution could "adduce any evidence that it attempted to serve the defendant during that time"; and whether the prosecution could "establish that an attempt to serve the defendant would have been futile."

*Id.* (brackets omitted) (quoting *Lei*, 95 Hawaiʻi at 286, 21 P.3d at 888).

The State's confession of error in this case is both supported in the record and well-founded in law. As with the unreasonable delay in *Owens,* the record indicates that Joanes was available for service, and reflects no attempts at service. 116 Hawaiʻi at 178, 172 P.3d at 490. Furthermore, there was no evidence that Joanes intentionally avoided service, or of repeated service attempts which would indicate that service would be futile. *See id.* Joanes was amenable to service as contemplated under *Owens,* and no evidence in the record suggests that there was an acceptable reason that Joanes was not served with the Bench Warrant, whether for five and one-half or eleven months.[4] *See id.*

---

[4] The State notes that evidence "that may be relevant to this record was recently discovered[,]" and asks that we take judicial notice of a Service Control Form allegedly located in the family court case file and allegedly containing information different from that presented by Joanes's counsel. At the same time, the State explains that the family court clerk "could not produce" the purported Service Control Form because "the clerk's office does not retain Service Control Forms in the record where no service is accomplished." Under the circumstances, we decline to take judicial notice of a document to which the family court clerk's office will allegedly not attest.

Alternatively, the State urges us to remand the case "for an evidentiary hearing limited to testimony and evidence relating to actions taken by the state to serve the warrant without unreasonable delay." Because the State makes no argument in support of its recommendation, and because the Hawaiʻi Supreme Court itself reversed the order denying defendant's motion to dismiss for violation of HRPP Rule 9 in *Owens*, 116 Hawaiʻi at 180, 172 P.3d at 492, we reject the State's proposal.

4

Based on the foregoing, we vacate the Order Denying Motion to Dismiss and remand the case for further proceedings consistent with this summary disposition order.

DATED:   Honolulu, Hawai'i, May 17, 2019.

On the briefs:

Cameron T. Holm,
Deputy Public Defender,
for Defendant-Appellant.

David Blancett-Maddock,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge